IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CTLI, LLC, | § § | CASE NO. 14-33564-H4-11 |
| DEBTOR. | § § | |

NOTICE OF ISSUANCE OF SUBPOENA
FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Bankr. P. 2004 and Bankruptcy Local Rule 2004(d), Steven Coe Wilson, Plan Agent, files this Notice of Issuance of Subpoena for the Production of Documents to Wells Fargo Bank, N.A. A copy of the Subpoena is attached hereto as **Exhibit A.**

Respectfully submitted,

By */s/ Richard A. Kincheloe*
   Richard A. Kincheloe
   Texas Bar No. 24068107
   S.D. Tex. ID No. 1132346
   rkincheloe@nathansommers.com
   2800 Post Oak Blvd., 61st Floor
   Houston, Texas 77056-5705
   Telephone: (713) 960-0303
   Facsimile: (713) 892-4800
ATTORNEY FOR STEVEN COE WILSON, PLAN AGENT

## Certificate of Service

The undersigned certifies that he served a true and correct copy of the foregoing on all parties listed on the attached service list by first-class U.S. mail, postage prepaid or by the Court's ECF notification system on February 27, 2015.

                                                  */s/ Richard A. Kincheloe*
                                                  Richard A. Kincheloe

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:   CTLI, INC. | SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE |
| Debtor(s) | Case No. 14-33564-H4-11<br>Chapter 11 |

**To:** Wells Fargo Bank, N.A.,
c/o Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE and TIME |
|---|---|
| | |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following document or object at the place, date, and time specified below (list documents or objects)   **See Attached Exhibit "A"**

| PLACE<br>Nathan Sommers Jacobs, P.C.<br>2800 Post Oak Blvd., 61st Floor<br>Houston, Texas 77056 | DATE and TIME<br>March 30, 2015 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE and TIME |
|---|---|
| | |

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify, FED.R.CIV.P. 30(b)(6) made applicable to this proceeding by Rule 7030, FED. R.BANKR.P. See Rules 1018 and 9014, FED.R.BANKR.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ R. K._____, Attorney for Plan Agent | DATE<br>02/27/15 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard A. Kincheloe, 2800 Post Oak Blvd., 61st Floor, Houston, TX 77056-6102
(713)960-0303

**EXHIBIT A**

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED<br>Subpoena | DATE<br>02/27/15 | PLACE<br>211 E. 7th Street, Suite 620<br>Austin, Texas 78701 |
| SERVED ON (PRINT NAME)<br>Wells Fargo Bank, N.A.<br>c/o Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company | | MANNER OF SERVICE<br>First Class U.S. Mail, postage prepaid |
| SERVED BY (PRINT NAME)<br>Richard A. Kincheloe | | TITLE<br>Attorney for Steven Coe Wilson |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___02/27/15_____
          DATE

_____
SIGNATURE OF SERVER

2800 Post Oak Blvd., 61st Floor
ADDRESS OF SERVER

Houston, TX 77056

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankrutpcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

  (A)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect an copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena, may upon notice ot the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (I) fails to allow reasonable time for compliance;
    (Ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (Iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (Iv) subject a person to undue burden

  (B)  If a subpoena

    (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (Ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (Iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit A

1. All documents governing any loan agreement between Wells Fargo Bank, N.A., and CTLI, LLC, d/b/a/ Tactical Firearms, including but not limited to documents executed by guarantors of any such loan.

2. Any guaranty agreements signed by Mary S. Hoffman Batey related to a loan to CTLI, LLC, d/b/a/ Tactical Firearms.