United States Bankruptcy Court
Southern District of Texas
Houston Division

In re
   CTLI, Inc.,
Debtor.

Case 4:14-bk-33564

**Alcede's Amended Motion to Reconsider or, in the Alternative, for Stay or Release Pending Reconsideration and Appeal**

The Court should reconsider its orders holding Jeremy Alcede in contempt and the underlying order that led to that holding. The finding that the disputed social-media accounts belong to the debtor was reached under an improper procedure, meaning that Alcede is in custody to coerce him into obeying an order that shouldn't have been rendered. Should the Court decide that reconsideration requires more analysis, it should stay its contempt order so that Alcede can be released; in the alternative, it should release Alcede on his own personal recognizance. Even if it denies reconsideration, it should stay its order (or order Alcede released) pending appeal.

**A. The Court should reconsider its contempt order because property ownership cannot be decided in a contempt proceeding.**

Alcede and the debtor disagree over the ownership of a Facebook and a Twitter account. The debtor claims that they are business property that became part of the bankruptcy estate and are thus owned by the reorganized debtor. Alcede contends that they are personal accounts that referred on occasion to the debtor, which he owned at the time. The Court's contempt order is premised on Alcede's violation of an order to, essentially, surrender those accounts to the debtor.

But the ownership of those accounts hasn't been properly determined. The Court has recognized that the debtor's claim to the social-media accounts is a claim that Alcede is exercising dominion over property that belongs to the debtor. It has even stated that, should it be impossible to transfer the accounts to the debtor, the debtor could sue Alcede for damages. Dkt. 334 at 24. Claims for the wrongful exercise of dominion over another's property are claims for conversion. *Green Intl., Inc. v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997). *See also In re Advanced Modular Power Sys., Inc.*, 413 B.R. 643, 669 (Bankr. S.D. Tex. 2009). The ownership of the

accounts is a question of the "extent of … [Alcede's] interest in property" — and those questions, when contested, must be decided through an adversary proceeding. FED. R. BANKR. P. 7001(2).

There has been no such proceeding here, and a contempt motion isn't a proper substitute. The debtor moved for contempt, and Alcede was given notice and a hearing. But as the Fifth Circuit has recognized, that isn't enough: A claim for conversion is "'[a]n adversary proceeding … to recover money or property'" that requires "the filing of a 'complaint.'" *Village Mobile Homes, Inc. v. First Gibraltar Bank, FSB (In re Village Mobile Homes, Inc.)*, 947 F.2d 1282, 1283 (5th Cir. 1991). The conversion claimant there hadn't brought an adversary action by filing a complaint, so the Fifth Circuit reversed the bankruptcy court's award of conversion damages. The Court should vacate its order for the same reason.

Other courts have recognized the same principle in the converse. For instance, the Tenth Circuit found that a contempt proceeding was the proper vehicle for attacking actions that violated the automatic stay because the relief sought — vacature of the offending actions — didn't determine title to property. Instead, the vacature simply returned the parties to their pre-violation status. *Standard Indus., Inc. v. Aquila, Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240, 1246–47 (10th Cir. 2010). The remedy here, on the contrary, was control of property whose ownership is contested. That remedy was substantive, not procedural, and the substance of the remedy wasn't obtained through proper procedures.

The question before the Court is whether the social-media accounts belong to the debtor or to Alcede. The contempt proceeding wasn't the proper vehicle for resolving that question. The Court should reconsider its contempt order and vacate it.

### B. The Court should stay enforcement of its contempt order pending reconsideration or appeal.

Should the Court decide to further consider the motion to reconsider, it should stay the enforcement of its contempt order (and discharge Alcede from coercive custody) pending that reconsideration. And, should the Court decide to deny the motion to reconsider, it should nonetheless stay its contempt order pending appeal. Each of the four factors that the Court must consider, *see Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982), weigh in favor of a stay.

1. **Alcede is likely to succeed on the merits.**

In the stay context, as with injunctive relief generally, "likely to succeed on the merits" is a term of art. It simply means that Alcede must demonstrate a substantial case on the merits on a substantial legal question. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001).

Alcede has shown both a substantial question and a substantial case on that question's merits:

- The Court has recognized that rulings on ownership of social-media accounts are plowing new ground. Dkt. 334 at 22 (recognizing the "novel context" of this dispute).

- Whether Alcede or the debtor owns the accounts is a substantial question requiring careful consideration; the Court took roughly 13 pages to evaluate the parties' ownership claims. *Id.* at 9–22.

- A suit to determine title is non-core. 11 U.S.C. § 157(b)(2); *see In re OCA, Inc.*, 551 F.3d 359, 367–68 (5th Cir. 2008), quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir.1987). Alcede and the debtor are entitled to have a jury determine the disputed question of ownership, and the jury may well reach a different conclusion than the Court following its consideration of the contempt evidence. *See Granfinanciera, N.A. v. Nordberg*, 492 U.S. 33, 40–49 (1989). *See also Levine v. M&A Custom Home Builder & Devr., LLC*, 400 B.R. 200, 205–06 (S.D. Tex. 2008); *cf. Eberhard v. Marcu*, 530 F.3d 122, 135–36 (2d Cir. 2008) (when receiver asserts title to property, party claiming ownership of property is entitled to jury trial).

- Further, whether the proper procedure was employed to determine the accounts' ownership is a serious question affecting the propriety not just of the order regarding custody of the accounts, but the propriety of Alcede's detention.

The substance of the question and the substance of the case on the merits of that question counsel that the Court should stay its order.

2. **Alcede will be irreparably injured absent a stay.**

Alcede is in the custody of the U.S. Marshal's Service. That custody is an irreparable harm; each day that he is incarcerated, he loses a day of

freedom. To paraphrase the Fifth Circuit in staying an analogous contempt order:

> The Court's order has placed Alcede between a rock and a hard place. He can comply with the contempt order and surrender the social-media accounts, thereby rendering moot his contention that he owns those accounts, or he can spend each business day in the custody of the U.S. Marshal, thereby suffering irreparable harm if it should be ultimately determined that the contempt order was not appropriate.

*Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 272 (5th Cir. 1994).

### 3. A stay wouldn't harm other parties.

Staying the contempt order doesn't disadvantage the debtor; a stay would leave the debtor in the same situation it is in now. The debtor's interest is in obtaining access to the social-media accounts that it claims to own. Whether Alcede is in custody or not, its position does not change.

### 4. A stay would serve the public interest.

There is no harm to the public from staying the Court's order. The public, like the debtor, remains in the same position whether Alcede is held by the marshals or not. This is not a situation where a party is attempting to stay confirmation of a plan, delaying the resolution of numerous creditors' claims, or where a party is attempting to stay the effect of liens that have been granted to third parties who have relied on earlier bankruptcy court proceedings. In short, the stay undermines none of the public interest in an orderly restructuring. *See, e.g., Rotech Mem. Hosp. v. Blount Mem. Hosp. (In re Integrated Health Servs., Inc.)*, 258 B.R. 96, 108 (Bankr. D. Del. 2000); *In re TMT Procurement Corp.*, No. 4:13-cv-33763, 2014 WL 1577475 at *6 (Bankr. S.D. Tex. Apr. 16, 2014)..

⁂

Each of the factors governing the propriety of a stay counsels that the Court should stay its contempt order. The Court should stay that order so Alcede can be released from custody pending the Court's reconsideration or an appeal.

### C. The Court should discharge Alcede from custody on his personal recognizance pending reconsideration or appeal.

In the alternative to a stay, the Court should permit Alcede to post a personal-recognizance bond and be released from custody pending reconsideration or appeal.

Federal law recognizes that a person is generally entitled to be at liberty pending a final determination on the merits of a charge against him. 18 U.S.C. § 3142(a); *see also* U.S. CONST. amend. V, XIV. Courts are entitled to impose restrictions upon that liberty sufficient to ensure that a person will appear before court for that final determination, but those restrictions must cannot be any tighter than is necessary to ensure that appearance. 18 U.S.C. § 3142(c).

The Court has committed Alcede to custody on a civil matter rather than a criminal one, but his liberty to be free from restraint applies with equal force. Alcede has shown his willingness to present himself to the Court when required. He willingly surrendered himself to the custody of the marshal. He has shown no inclination to jump ship; he has, in fact, garnered media attention to his dispute with the debtor[1] and even promoted his appearances before the Court through social media.[2] The Court should have no doubt that Alcede will continue to appear before it during these proceedings. (He will of course comply with the Court's order not to post to either disputed account).

Finally, if something about Alcede's earlier appearances has given the Court pause that he will not appear for future settings, the Court should hold a hearing to determine the conditions that satisfy it that Alcede will appear in the future and establish a bond for Alcede that contains those conditions.

---

[1] *See, e.g.*, Andrea Watkins, "Business owner fights to keep possession of a Facebook page," *Fox 26 News at 5PM* broadcast, April 7, 2015 (available at bit.ly/1JDYMQv); Andrea Watkins, "Facebook page rights dispute lands former business owner in jail," *Fox 26 News at 9PM* broadcast, April 10, 2015 (available at bit.ly/1FGm1Lk); Katy Stech, "Ex-Gun Store Owner Chooses to Stay in Jail So He Can Keep Facebook, Twitter Accounts," *The Wall Street Journal Bankruptcy Beat*, April 10, 2015 (available at on.wsj.com/1FOfJXf).

[2] *See, e.g.*, "Jeremy Alcede Patriot" Facebook post (3:41 p.m., April 7, 2015) (available at on.fb.me/1zanyBw); "Jeremy Alcede Patriot" Facebook post (4:05 pm, April 10, 2015) (available at on.fb.me/1FGnBN9).

## Conclusion and Prayer

The Court should reconsider its order of contempt and vacate it. In the alternative, the Court should stay its order of contempt pending its full reconsideration of that order and an appeal of it. Finally, in the further alternative, the Court should order Alcede released from custody on his personal recognizance pending reconsideration and appeal (or, in the final alternative, upon conditions that satisfy the Court that Alcede will present himself for further hearings).

Alcede prays for reconsideration and vacature of the Court's order of contempt, and in the alternative for the stay and release described. He further prays for all other relief to which he may be entitled.

Respectfully submitted,

THE OLSON FIRM, PLLC

/s/ Leif A. Olson
Leif A. Olson
  S.D. Tex. Bar No. 33695
  State Bar No. 24032801
  leif@olsonappeals.com
PMB 188
4830 Wilson Road, Suite 300
Humble, Texas 77396
(281) 849-8382
**Counsel for Alcede**

## Certificate of Conference

I conferred by telephone with Rick Kincheloe, counsel for Steven Coe Wilson, on April 13, 2015, at 1:50 p.m. He informed me that he would confer with Wilson to determine whether Wilson is opposed to this motion and would attempt to respond to me. Because of the importance of the rights at stake, I am filing (and informed Mr. Kincheloe that I would be filing) this motion before receiving that response. I will supplement this certificate once Mr. Kincheloe has been able to have that conference.

/s/ Leif A. Olson

## Certificate of Service

On April 13, 2015, I served this *Alcede's Amended Motion to Reconsider or, in the Alternative, for Stay or Release Pending Reconsideration and Appeal* upon Steven Wilson's counsel, Rick Kincheloe, by electronic filing and email to rkincheloe@nathansommers.com and upon all other counsel of record by electronic filing.

/s/ Leif A. Olson